NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA VINES,<br><br>    Plaintiff,<br><br>v.<br><br>COLUMBUS HOUSE, et al.,<br><br>    Defendants. | Civil Action No. 13-3923 (FLW)<br><br>OPINION |

**APPEARANCES**:

    SANDRA VINES, #742371
    Columbus House
    377 Enterprise Way
    Trenton, NJ   08638
    Plaintiff *Pro Se*

**WOLFSON, District Judge**:

Sandra Vines ("Plaintiff" or "Vines"), a New Jersey inmate who is presently incarcerated in Columbus House, seeks to file a Complaint against Columbus House and six named persons employed at Columbus House. This Court will grant Vines' application to proceed *in forma pauperis*. For the reasons expressed in this Opinion, and as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the federal claims raised in Complaint and decline to exercise supplemental jurisdiction.

## I.   BACKGROUND

Sandra Vines brings this action against Columbus House, a halfway house which operates under the authority of the New Jersey Department of Corrections, and several persons employed at Columbus House, *i.e.,* Mr. Salaga, Ms. Newborn, Mr. Maestrella, Ms. Sheffield, Ms. McCrae, and Mr. Klein. (Complaint, ECF No. 1 at 1.) In a one-page handwritten Complaint, Plaintiff alleges:

> There are about 10 employees on the Clinical Team (all Caucasian)[.] There are discrimination issues and the actions of staff here are prejudice[d]. There are issues of medical negligence, restricting legal access, failure to follow grievance procedures, harassment, health hazards[,] retaliation, breaching confidentiality, causing mental, emotional stress, U.S. postal violations.

(Complaint, ECF No. 1 at 1.) For relief, Vines seeks damages and injunctive relief. *Id.*

## II. STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A(a) because Plaintiff is a prisoner within 28 U.S.C. § 1915A(c) and he "seeks redress from a governmental entity."

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*,

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2] To recover under § 1983, a plaintiff must show two elements: (1) a person deprived her or caused her to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). This Court construes the Complaint as an attempt to assert claims under § 1983 against the named defendants.

An entity like Columbus House cannot be found liable simply because it employs wrongdoers. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691-92 (1978); *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). For an entity to be found liable under § 1983, Plaintiff must assert in the Complaint facts showing that the entity had a relevant policy or custom, and that this policy or custom caused a violation of Plaintiff's constitutional rights. *See Natale*, 318 F.3d at 583-84; *accord Jiminez v. All American*

---

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

*Rathskeller, Inc.*, 503 F. 3d 247, 249 (3d Cir. 2007) (stating that a plaintiff must show a "direct causal link between a . . . policy or custom and the alleged constitutional deprivation.") (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). On this point, the Complaint is devoid of any allegations suggesting that Columbus House had any specific policy or custom that caused the violation of Plaintiff's constitutional rights. Because the Complaint fails to specify a custom or policy of Columbus House that caused the violation of Plaintiff's constitutional rights, it fails to state a claim under § 1983 against the entity.

To state a § 1983 claim against an individual defendant, Plaintiff must allege facts showing that the individual participated in the alleged wrongdoing amounting to a violation of her constitutional rights. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). In this Complaint, Plaintiff sets forth no facts specifying what each individual defendant did or failed to do. Nor does she provide any factual support to suggest the way in which any defendant may have acted toward her in a discriminatory fashion, denied her adequate medical care for a serious medical need, failed to protect her from a health hazard, taken any adverse action in retaliation for her exercise of a First Amendment right, breached her confidentiality, or violated her constitutional rights in any way. *See Iqbal,* 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual

4

enhancement.") (citations and internal quotation marks omitted). Under these circumstances, the Complaint, as pled, fails to state a claim under § 1983 against any of the individual defendants.

A district court generally grants leave to correct deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Because it is conceivable that Vines may be able to assert facts showing that Columbus House or at least one individual defendant violated her constitutional rights, this Court will grant Vines 30 days to file an amended complaint that (1) is complete on its face and (2) asserts facts showing that the named defendant(s) violated or caused the violation of her constitutional rights.[3]

### III. CONCLUSION

This Court grants Plaintiff's application to proceed *in forma pauperis,* but dismisses the federal claims raised in the Complaint without prejudice.

       /s/ Freda L. Wolfson
       **FREDA L. WOLFSON, U.S.D.J.**

DATED: February 7, 2014

---

[3] Because the Complaint is vague as to the types of claims (i.e., federal or state law claims), the Court has construed the Complaint as only asserting federal claims under § 1983. To the extent Plaintiff wishes to bring purely state law claims, she may do so in state court.